# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

BERNARDO CONTERAS-ORTEGA,

                    Civil No. 19-4 (JRT/SER)

Petitioner,

v.                              **ORDER ADOPTING REPORT
                                 AND RECOMMENATION**

UNITED STATES OF AMERICA,

Respondent.

---

Bernardo Conteras-Ortega, No. 69556-054, Unit No. 9-2, Federal Medical Center, P.M.B. 4000, Rochester, MN 55903, *pro se* petitioner.

Ana H. Voss and Ann M. Bildtsen, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent.

Bernardo Conteras-Ortega, a federal prisoner detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), filed a petition for a writ of habeas corpus seeking transfer to a facility in a warmer climate, which he alleges is essential for proper treatment of his medical condition. (Pet. at 1-2, 10, Jan. 2, 2019, Docket No. 1.)

United States Magistrate Judge Steven. E. Rau issued an order explaining that Conteras-Ortega's petition could not succeed as a habeas claim. (Order at 1-3, Jan. 16, 2019, Docket No. 2.) He explained that the Federal Bureau of Prisons ("BOP") has wide discretion to determine where federal prisoners should be detained, and Conteras-Ortega did not allege that the BOP failed to consider relevant factors, considered a forbidden factor, or unlawfully delegated its responsibility to determine where he should reside. (*Id.*

1

at 2.) The Magistrate Judge noted that Conteras-Ortega's allegations could be construed as a claim that his continued detention at FMC-Rochester constituted deliberate indifference to his medical needs. (*Id.* at 2-3.) However, he noted that the Court would not construe it as such without Conteras-Ortega's consent, because Conteras-Ortega would then have to pay the civil filing fee (or apply to proceed *in forma pauperis*) and would be subject to the "strike" rules of 28 U.S.C. § 1915(g). (*Id.*)

Conteras-Ortega responded to the Order, requesting that the Court either dismiss his petition without prejudice and return the $5.00 filing fee for his initial petition or "determine whether [he] should be transferred to a warmer climate under the First Step Act of 2018." (Response at 1, Feb. 7, 2019, Docket No. 3.)

The Magistrate Judge subsequently issued a report and recommendation ("R&R") noting that Conteras-Ortega's response made clear that he did not intend to proceed with the matter as a civil action premised on deliberate indifference to medical needs but preferred that the Court rule on his petition as filed. (R. & R. at 2-3, Feb. 26, 2019, Docket No. 4.) The Magistrate Judge again explained why Conteras-Ortega's habeas claims were not viable and recommended that his petition be dismissed without prejudice. (*Id.* at 3.)

Conteras-Ortega objects to the R&R on the grounds that "his request for a transfer to a facility in a warmer climate does not sound in a civil rights action because it does not concern the sufficiency of any particular medical treatment." (Objs. at 1, Mar. 18, 2019, Docket No. 5.) Conteras-Ortega notes that "he is not requesting an order for better treatment" because he is currently receiving good treatment. (*Id.*) Rather, he believes that confinement in one of various centers in Florida would be "more appropriate."

Because Conteras-Ortega's objection does not challenge the basis for the Magistrate Judge's R&R, the Court will overrule the objection, adopt the R&R, and dismiss Conteras-Ortega's habeas petition without prejudice.

## DISCUSSION

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Proper objections "must specifically identify the portions of the R&R to which the party objects and explain the basis for the objections." *Amen El v. Roy*, 2019 WL 1110802, at *2 (D. Minn. Mar. 11, 2019).

Here, Conteras-Ortega's objection does not challenge the basis for the Magistrate Judge's R&R. Indeed, it merely confirms that he does not seek to litigate this case as a civil action premised on deliberate indifference to medical needs. Conteras-Ortega does not object to the Magistrate Judge's conclusion that his habeas claims are not viable or provide the Court with any reason to believe that they are. The Court will therefore overrule Conteras-Ortega's objection, adopt the R&R, and dismiss Conteras-Ortega's habeas petition without prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Conteras-Ortega's Objection to the Report and Recommendation [Docket No. 5] is **OVERRULED** and the Magistrate Judge's Report and Recommendation [Docket No. 4] is **ADOPTED**.

**2.**    Conteras-Ortega's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED** and this action is **DISMISSED without prejudice**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  May 6, 2019
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court